**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-21100
Summary Calendar
_____


PATRICIA HOWELL,

Plaintiff-Appellant,
Cross-Appellee,

VERSUS

EXXON CORPORATION,
d/b/a EXXON COMPANY, U.S.A.,

Defendant-Appellee,
Cross-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-166)

_____


November 21, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Patricia Howell appeals a summary judgment regarding her claims of age discrimination and interference with benefits in alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Exxon cross-appeals a judgment that it retaliated

---

[*] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Howell for filing a complaint.  We affirm the summary judgment on the ERISA claim, reverse the summary judgment on the age discrimination claim, reverse the finding of retaliation, and remand.

I.

Howell worked for Exxon's Human Resources Department from 1978 to 1992.  Each year, Exxon's managers rank the employees within a given department, assigning each a number between 0 and 99, which correlates with the performance of the employee relative to his peers.  These "rank group percentiles" must average 50 and reflect the differences among the performances of individual employees.

In 1992, Exxon developed a plan to layoff approximately 500 employees.  It decided to dismiss all employees who received a 10 or less on their next annual evaluation.  The managers who assigned the profiles knew that their rankings would be used in this manner.  Because Exxon employees with fifteen years' service attain annuitant status for insurance benefits at age fifty-five, Exxon exempted from the layoff all employees with fifteen years' service who were within three years of attaining annuitant status.  Exxon also exempted any employee, regardless of age, who had twenty-five years' service.

In May 1992, Howell was fifty-seven years old and had worked for Exxon for slightly more than fourteen years.  She received a 10 on her annual evaluation, and Exxon informed her on May 19 that she

2

would be dismissed on July 30. On May 20, Howell overheard James Rouse, Exxon's Manager of Human Resources and one of the managers who had ranked Howell, say that "Exxon management was sweeping out the old to make room for the young" and that "Exxon had a new dress code and gray hair was not included."

After learning she was to be fired, Howell asked her former supervisor, in-house counsel Malcolm Hawk, for a letter of recommendation. Hawk agreed and drafted a mixed recommendation but withdrew his offer when he learned that Howell had filed a discrimination complaint with the Equal Employment Opportunity Commission. He reasoned that, as Exxon's lawyer, his ethical duties prohibited him from writing a letter that could be used against Exxon in the upcoming litigation.

A few days later, Howell began to suffer from mental health problems that she believes were caused by her imminent termination. Exxon allowed Howell to remain on sick leave for a year and then granted her medical retirement.

Howell filed suit in federal court, claiming age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), interference with ERISA benefits, and unlawful retaliation. The district court granted Exxon summary judgment on the discrimination and interference claims and held a bench trial on the retaliation claim, finding that Exxon had retaliated against Howell but that she was not entitled to damages. Howell appeals the summary judgment and the finding of no damages. Exxon cross-

appeals the finding that it retaliated.

## II.

### A.

We review a grant of summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *See Hanks*, 953 F.2d at 997.

We begin our determination by consulting the applicable substantive law to determine what facts and issues are material. *See King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). We then review the evidence relating to those issues, viewing the facts and inferences in the light most favorable to the non-movant. *See id.*

4

If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *See Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.), *cert. denied*, 115 S. Ct. 639 (1994).

                                    B.

In a layoff case, the plaintiff may prove a violation of the ADEA by direct or indirect evidence. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of [discrimination] without any inferences or presumptions." *Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993).

Howell's direct evidence arises from her claim that Exxon's layoff exemption policy facially discriminated against older employees. Under the policy, persons aged fifty-two to fifty-four who were less than three years from annuitant status were protected from the layoff, but older persons less than three years from annuitant status were not.

This argument is legalistic sleight-of-hand, however, as the policy discriminates solely on the basis of tenure. Under the policy, a fifty-two-year-old with fewer than fifteen years' service would not be protected any more than Howell was. An employer is permitted to take account of tenure without considering age. *See*

5

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993).

## C.

Absent direct evidence, a plaintiff establishes a *prima facie* case by showing that (1) he is in the protected group; (2) he has been adversely affected by an employment decision; (3) he was qualified to assume another position at the time of the discharge; and (4) there is circumstantial evidence that the employer discriminated. *See Nichols*, 81 F.3d at 41. Once he has done so, the employer must proffer a non-discriminatory reason for the employment action, then the plaintiff must prove that this non-discriminatory reason is a mere pretext. *See id.*

Howell was within the protected age group at the time of the discharge and did suffer an adverse employment decision in the form of her threatened discharge, which she argues led to her medical retirement. She has identified an open position within Exxon for which she was qualified and has provided evidence of her qualifications in the form of Exxon's own non-competitive personnel evaluations.[2] She provided circumstantial evidence of discrimination in the form of statistical evidence that the Human Resources

---

[2] Exxon suggests that Howell did not meet this prong because she was less qualified than those who were retained. Exxon cites *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 813 (5th Cir. 1991) for this proposition, noting that summary judgment there was affirmed when the plaintiff was less qualified than those retained. Exxon's characterization of that case is, at best, misleading, as the court expressly stated that the plaintiff *did* make out a *prima facie* case. *See id.* at 813.

6

Department[3] consistently gave lower performance rankings to older employees. Thus, Howell made out her *prima facie* case.

Exxon responded with a non-discriminatory reason for the discharge, arguing that it fired Howell because she received a poor performance evaluation. Howell responds that the evaluation was a pretext for discrimination. Because Exxon's evaluation process was subjective, the mere fact that Howell ranked poorly does not demonstrate an absence of discrimination. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 327-28 (5th Cir. 1993).[4]

Howell has produced evidence that Rouse, who took part in ranking Howell, stated, "Exxon management was sweeping out the old to make room for the young," and, "Exxon had a new dress code and gray hair was not included." Exxon contends that these comments should be discounted because they were mere "stray remarks."

"Stray remarks" do not create a genuine issue of material fact when they are vague, *see, e.g.*, *Turner v. North Am. Rubber, Inc.*, 979 F.2d 55, 59 (5th Cir. 1992); *Guthrie v. Tifco Indus.*, 941 F.2d

---

[3] Howell does not suggest company-wide abuse of the ranking process. A corporation may violate the ADEA through the actions of a single department or employee. *See Walther v. Lone Star Gas Co.*, 952 F.2d 119, 124 (5th Cir. 1992).

[4] In another blatant mischaracterization of our precedent, Exxon claims that Howell must show she was "clearly better qualified" than those retained in order to prove pretext. The fact that a plaintiff is clearly better qualified than those who are retained by itself creates a genuine issue of material fact about the existence of pretext. *See Nichols*, 81 F.3d at 42; *EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995); *Walther*, 952 F.2d at 123. All of these cases recognize, however, that there are other ways of creating a genuine issue of material fact. Exxon supports its claim by quoting *Louisiana Office of Community Services*, but Exxon adds an "[only]" to the quotation to change its meaning and holding. We warn Exxon and its attorneys not to engage in such efforts to mislead this court.

374, 378-79 (5th Cir. 1991), *cert. denied*, 503 U.S. 908 (1992), or when they were not made by the relevant decisionmaker, *see Nichols*, 81 F.3d at 41-42. When, however, a remark by a relevant decisionmaker directly states that the company is making employment decisions in a discriminatory manner, it creates a jury issue. *See Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 254 (5th Cir. 1996).

Rouse's comments directly express an intention to discriminate against older employees, and he was one of the persons involved in evaluating Howell.[5] This is sufficient evidence of a pretext to create a genuine issue of material fact.

### III.

Howell's ERISA claim arose under 29 U.S.C. § 1140, which prohibits terminating employees "for the purpose of interfering with the attainment of any [employee benefit] right . . . ." A plaintiff must demonstrate "that the employer discharged the claimant 'with the specific intent of interfering with . . . ERISA benefits.'" *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1255 (5th Cir. 1993) (quoting *Simmons v. Willcox*, 911 F.2d 1077, 1081-82 (5th Cir. 1990)).

---

[5] Exxon argues that Howell's account of these remarks "demonstrates that they were jocular comments directed at others." From the record, the context of the comments is not evident. In any case, on summary judgment, any reasonable inferences must be made in favor of the non-moving party. *See Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

The only evidence Howell has produced to show that Exxon acted to prevent her from achieving benefits is that the layoff plan specifically exempted some employees close to achieving annuitant status, but not persons with Howell's lack of tenure. The fact that Exxon could have been even more generous to near-annuitants does not create an inference of intentional interference.

IV.

A plaintiff establishes a *prima facie* case of ADEA retaliation by showing that (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the employment decision. *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir. 1994). If he does so, the employer must give a non-retaliatory reason for the adverse decision. If the employer meets this burden, the plaintiff then has the burden of showing that the non-retaliatory reason is a pretext. *See id.* We review findings of fact for clear error but conclusions of law *de novo*. *See United States v. Davis*, 61 F.3d 291, 299 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 961 (1996).

Howell engaged in the protected activity of filing an ADEA claim. We will assume arguendo that she suffered an adverse employment decision when Hawk withdrew his offer to write a recommendation on her behalf. Hawk told Howell that he was

9

withdrawing the offer because of her complaint, so the causal connection is uncontested.

Hawk's reason for withdrawing the recommendation letter was that, as Exxon's in-house counsel, he had an ethical duty not to take any actions that could harm his employer. *See* MODEL CODE OF PROFESSIONAL RESPONSIBILITY EC 5-1 (1980) ("The professional judgment of a lawyer should be exercised, within the bounds of the law, solely for the benefit of his client and free of compromising influences and loyalties."). He reasoned that the recommendation letter could be used by Howell in her lawsuit against Exxon to show her qualifications. The district court found that this reason was not a pretext, and that finding is not clear error.

The district court, however, held that this good-faith belief was not a defense to Howell's retaliation claim because it was based on a mistake of law. Irrespective of whether Hawk's ethical duties prohibited him from writing the letter, his belief that they did is a good-faith, non-retaliatory reason for withdrawing the letter. The fact that the non-retaliatory reason invoked the ADEA litigation is irrelevant so long as Hawk's belief was sincere and reasonable. *See Mayberry v. Vought Aircraft Corp.*, 55 F.3d 1086, 1091, 1093 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory [or retaliatory] motive."). As the court

10

found that the reason was not pretextual, Exxon has met its burden and is entitled to judgment on the retaliation claim.

V.

The judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.[6]  All costs are taxed against Exxon because of its misleading representations mentioned in this opinion.

---

[6] Because we find that Exxon did not retaliate against Howell, we need not address the failure to award damages.